## MARKELL v. MATTESON.

(Circuit Court of Appeals, Third Circuit. May 13, 1907.)

### No. 24.

COURTS—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

Where, in an action for breach of a contract for the sale of a drug business brought in a federal court, there was evidence that the business and good will was of such a value that plaintiff's share thereof, together with $500 advanced by plaintiff as a part of the price for which he also sued, would amount to $2,000, an objection that the amount in controversy was not shown equal the jurisdictional amount because there was no proof of any market value of the goods inventoried or what they would sell for was unsustainable.

[Ed. Note.—Jurisdiction of circuit courts as determined by the amount in controversy, see note to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

L. C. Barton, for plaintiff in error.
J. M. Magee, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

GRAY, Circuit Judge. The case below was an action of assumpsit, brought by the defendant, A. D. Matteson, individually, against S. C. Markell, to recover damages for a breach of contract entered into

between said Matteson and one H. B. Scoville, of the one part, and said Markell of the other part, for the purchase and sale of a certain drug store and business of the latter, situate in Washington County, Pennsylvania. Said Matteson and Scoville were not co-partners, but merely appear as would-be joint purchasers of the business.

There was evidence tending to show a verbal agreement between said Matteson and said Scoville, of the one part, and Markell, the plaintiff in error, of the other, by the terms of which plaintiff in error was to sell to the said Matteson and Scoville his drug store and business, situate as aforesaid, for whatever sum might appear as the value thereof, in the inventory to be thereafter made. Of this sum, $2,000 was to be paid in cash and the balance within a period of six years, there being no set times for the deferred payments. There was also evidence to show that, after the taking of the inventory, which amounted to the sum of $8,300, the plaintiff in error induced the said Matteson, the defendant in error, to give him $500 on account. The testimony tended to show that this had been no part of the oral understanding, and that the defendant in error would not have complied with plaintiff in error's request, had it not been that the plaintiff in error threatened to discontinue negotiations, unless this cash payment was made. The $500 was paid over to plaintiff in error, without the knowledge or authority of the said Scoville. There seems to have been an understanding that these terms were to be set out in a written agreement. The negotiations, however, failed to so result, and there is much conflict of testimony, as to which party was responsible for the failure.

Defendant in error instituted this suit to recover damages, alleged to amount to $4,520, including those for the non-return of the $500 and also for the loss occasioned by the alleged breach of the agreement by defendant to sell his drug store, with its contents, and his business or good will.

After a trial, a verdict and judgment were rendered for the $500, and interest on the same. To this judgment, the present writ of error has been sued out.

Objection is made that, as there was no proof of any market value of the goods inventoried, or of what the same would sell for, no basis was established by which any amount approaching the jurisdictional amount of $2,000, could be alleged as damages. There was proof, however, which tended to show that the business and good will was of such a value as that plaintiff's share thereof, taken together with the $500 advanced by him and for which he brought suit, would amount to the sum required.

Three of the assignments of error cover certain refusals of the court to charge requests by the defendant, and the remainder are to the refusal of the court to give peremptory instructions in favor of the defendant, for not sustaining defendant's motion for judgment, non obstante veredicto, and for not arresting judgment on defendant's motion.

The charge delivered by the learned trial judge was entirely fair to the defendant, and we see no reason why the conflicting evidence in this case should not have been submitted to the jury.

The judgment below is therefore affirmed.